IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-208-TAV-HBG |
| | ) | |
| RUSSELL MERWIN, and | ) | |
| LISA SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Merwin's Motion to Continue Trial and to Extend Deadlines [Doc. 44], referred [Doc. 45] on February 13, 2020. *See* 28 U.S.C. § 636(b). Defendant Merwin moves to continue the March 3, 2020 trial date and other deadlines in this case, because his counsel is in trial on another criminal matter on that day. The parties came before the Court on March 2, 2020, for a hearing on the motion. Assistant United States Attorney Alan Scott Kirk appeared on behalf of the Government. Attorney R. Deno Cole represented Defendant Russell Merwin, and Attorney Jonathan S. Wood represented Defendant Lisa Scott. Both Defendants were also present.

Defendant Merwin asks [Doc. 44] the Court to continue the March 3, 2020 trial date to preserve his continuity of counsel. The Defendant relates that his appointed counsel Attorney Cole will be trying another criminal case before District Judge Varlan on March 3, which case is older than the instant case. The motion states that counsel has discussed the continuance with the Defendant and that the Defendant understands the time leading up to the new trial date will be excludable under the Speedy Trial Act. The motion relates that the Government does not oppose a trial continuance.

At the motion hearing, Mr. Cole stated that it is impossible for him to proceed to trial in this case on March 3, because he will be trying another criminal case before Judge Varlan, He noted that Defendant Merwin does not object to the continuance and that he is waiving his speedy trial rights in relation to the motion. Mr. Wood stated that Defendant Scott does not object to the requested continuance. AUSA Kirk confirmed that the Government does not oppose the motion. The parties agreed on a new trial date of June 9, 2020, which is the first date that all counsel are available on a date also available to the District Judge.

The Court finds Defendant Merwin's motion to continue the trial to be unopposed and well taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that without a trial continuance, Defendant Merwin would be deprived of the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also concludes that continuing the trial for three months is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Mr. Cole needs time, once his current trial is concluded, to interview witnesses and to prepare for trial. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite the use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The unopposed motion to continue the trial [**Doc. 44**] is **GRANTED**, and the trial of this matter is reset to **June 9, 2020**. The Court finds that all the time between the filing of Defendant Merwin's motion on February 7, 2020, and the new trial date of June 9, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court set a new deadline of **May 8, 2020**, for filing plea agreements in the record and providing reciprocal discovery. If the parties desire a pretrial conference, they must

contact Chambers at least three weeks before the trial date to schedule a pretrial conference. Motions *in limine* are due on or before **May 25, 2020**. Requests for special jury instructions shall be filed no later than **May 29, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Merwin's Motion to Continue Trial and to Extend Deadlines [**Doc. 44**] is **GRANTED**;

(2) The trial of this case is reset to commence on **June 9, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **February 7, 2020**, and the new trial date of **June 9, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing plea agreements in the record and providing reciprocal discovery is **May 8, 2020**;

(5) Motions *in limine* must be filed on or before **May 25, 2020**; and

(6) Requests for special jury instructions shall be filed no later than **May 29, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge